**STATE OF WISCONSIN, Plaintiff,**

v.

**WISCONSIN WINNEBAGO INDIAN TRIBE, Defendant.**

No. 84–C–839–S.

United States District Court, W.D. Wisconsin.

March 6, 1985.

John F. Truby, Asst. Dist. Atty., for Sauk County, Baraboo, Wis., for plaintiff.

James E. Doyle, Jr., Webb, Weiden, Doyle & Ritz, Madison, Wis., for defendant.

## ORDER

SHABAZ, District Judge.

The plaintiff State of Wisconsin moves for remand of this action to the Sauk County Circuit Court, the court from which the action was removed by the defendant Wisconsin Winnebago Indian Tribe on October 19, 1984.

Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." This case involves Wisconsin's attempted enforcement of a Wisconsin criminal statute prohibiting commercial gambling, Wis.Stat. § 945.03 (1981–82), through a civil forfeiture proceeding in state court pursuant to Wis.Stats. § 973.075 and 973.076 (1981–82).

The defendant Tribe contends that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws, Constitution, or treaties of the United States, specifically the Act of August 15, 1953, ch. 505 § 4, 67 Stat. 589 (codified at 18 U.S.C. § 1162 and 28 U.S.C. § 1360), popularly referred to as P.L. 280; that statute grants several states, including Wisconsin, authority they would not otherwise have (*see McClanahan v. State Tax Commission of Arizona*, 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973)) to enforce their criminal laws against tribes and tribal members and to hear private civil disputes involving Indians.

Defendant's position is creative, but fundamentally flawed. A state court's assumption of jurisdiction over a state prosecution of an individual or organization under its criminal laws, or over a civil forfeiture proceeding designed to enforce those laws, is purely an exercise of state sovereignty. Now, it may be true that a state court's assumption of jurisdiction in a particular case will run afoul of Indian sovereignty or federal supremacy such that those doctrines of federal law may provide a defense in state court, *see State v. Lemieux*, 106 Wis.2d 484, 317 N.W.2d 166 (Wis. App.1982), or the basis for an independent action in federal court challenging the state prosecution, *see Barona Group of Capitan Grande Band, etc. v. Duffy*, 694 F.2d 1185 (9th Cir.1982); *Seminole Tribe of Florida v. Butterworth*, 658 F.2d 310 (5th Cir.1981); *Oneida Tribe of Indians of Wis. v. State of Wisconsin*, 518 F.Supp. 712 (W.D.Wis. 1981). But to go one step further and hold that the state court action "arises under" federal law would not only confuse the issue of jurisdiction to review the propriety of a state prosecution under federal law with the issue of jurisdiction to decide the merits of such a prosecution, it would also in the course of that confusion throw open the doors of the federal courts to entertain the merits of every state prosecution arguably entered into under the authority of P.L. 280. That result would be absurd.

To summarize: P.L. 280 and the body of federal law of which it is a part

may provide a defense in a state court action; the statute may also provide the basis for an independent federal court action for declaratory judgment and injunctive relief; * but P.L. 280 does not provide for original jurisdiction in the district court over the merits of the challenged state court action itself. Thus, the forfeiture action removed here does not fall within the Court's removal jurisdiction and must be remanded for lack of jurisdiction.

Accordingly,

### ORDER

IT IS ORDERED that the motion of the plaintiff State of Wisconsin requesting that this action be remanded to the Sauk County Circuit Court for further proceedings is GRANTED and this case is REMANDED to the Circuit Court for Sauk County.

---

* Although this particular lawsuit may very well fall within the authority delegated to Wisconsin by Congress in P.L. 280 as civil enforcement of a criminal/prohibitory state law. *See* 18 U.S.C. § 1162.